**ANGCO et al. v. STANDARD OIL CO. OF CALIFORNIA.**

No. 6876.

Circuit Court of Appeals, Ninth Circuit.

Aug. 21, 1933.

Barry S. Ulrich, Chas. M. White, and A. W. A. Cowan, all of Honolulu, Hawaii, for appellants.

Smith, Wild & Beebe and Urban E. Wild, all of Honolulu, Hawaii, Cooley, Crowley & Supple and A. E. Cooley, all of San Francisco, Cal. (Pillsbury, Madison & Sutro, and Felix T. Smith, all of San Francisco, Cal., of counsel), for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge.

This action grows out of an automobile accident which occurred between the hours of 7 and 8 p. m. on June 16, 1930, on a highway on the Island of Maui, about three miles from Paia and five miles from Kahului Harbor, in which Felix Angco, the father of plaintiffs, together with another person, was killed, and a third party injured. An automobile driven by one Warner, traveling at a high rate of speed and in a direction toward Kahului, crashed into a truck parked on the highway. The persons killed and injured were standing off the public highway, and beside the parked truck which was swung completely around by the force of the impact.

The questions presented on appeal turn upon the liability of the appellee for the tortious act of its employee Warner in causing the accident. As the master is not liable for the acts of his agent except when the acts performed are within the scope of the agent's employment and for the benefit of the master, we shall confine ourselves to the circumstances surrounding his employment and his acquiring and operating the automobile. We are not here concerned with ratification of acts done in excess of authority.

Warner, chief engineer of the Standard Oil Company's tanker Lubrico, left the ship in Kahului Harbor about 2:30 or 3 o'clock in the afternoon of June 16, 1930, and went to Paia to play golf with Mr. Burns, resident manager of the Standard Oil Company on the Island of Maui. When he left the ship he was told it would probably sail that night between 9 and 11, and he "thought to get back about 7:30." Later that day Warner and the captain of the Lubrico, one Daniels, left the home of Mr. Burns at Paia, in a Willys-Knight roadster, and in driving towards Kahului caused the accident. It may be safely inferred from the statement of the evidence, which is much disjointed and

930

rambling and not clear in many respects, that the car, admittedly owned by the appellee and used by Mr. Burns, was loaned by him to Warner and the captain for their transportation to the ship. At the conclusion of plaintiffs' case, and upon motion of appellee, the jury was directed to bring in a verdict for appellee, and this judgment, affirmed by the Supreme Court of the Territory of Hawaii, is before us for review.

At the outset we deem it advisable to mention that counsel for appellants have failed to comply with the provisions of rule 24 of this court, requiring a specification of errors to be set out in their brief. This requirement is not an idle one, but is intended to present clearly to the court and to opposing counsel the questions involved and the rulings sought to be reviewed. Its observance is more than a matter of the orderly presentation of a case. While we agree with appellee's criticism of the brief, we prefer to dispose of this cause on the merits.

When Warner left the ship at Kahului he was off duty, upon pleasure bound, and was beyond the scope of his employment. Unless some unforeseen emergency arose he would not again come within the scope of his employment until he returned to the vessel. He was under no instructions to perform any service in any way connected with his employment; his sole responsibility, to return to his ship before she sailed, was a personal one. It was while so returning that the accident occurred, and we are asked to hold that the circumstances surrounding the acquiring and use of the automobile compelled the trial court to submit the case to the jury, for appellants contend those facts raise a question of fact—that of responsibility of appellee for Warner's act—for the jury to determine. Construing the evidence most favorably to the appellants, as indeed we must upon a directed verdict, it indicates to us the loan by one fellow employee to another of the use of a car owned by their same employer, so that the engineer and his captain might return to the ship. No emergency is shown, and no evidence was introduced to show lack of other means of transportation, or any compulsion on the part of the engineer to drive the car for any purpose connected with the boat or his duties. It needs no citation of authorities for the statement that the master is not responsible for the acts of his agent while driving the master's automobile unless the agent was acting within the scope of his employment and using the vehicle in the service of the owner or his business. 42 C. J. 1099. From the facts established by the testimony of appellants' witnesses it cannot be said that Warner was acting within the scope of his employment. He was about his own business and on his own free time.

Error is alleged in the refusal of the trial court to reopen the case after motion for directed verdict had been made, but before it was ruled upon. The record shows that the court inquired as to what was intended to be proved by the additional evidence, and elicited from counsel for appellants the admission that there was no other company business of any kind connected with the offer of proof that Mr. Burns was requested to further or concerned with furthering other than the matter of assisting these two men in returning to the boat, which we have already held was not company business. Counsel further admitted that he did not propose to show that Mr. Burns had any authority or control over the movements of the men or crews of the boats of the Standard Oil Company. Under these circumstances, the evidence, even if adduced, could add nothing to that already in the record. Such a motion is addressed to the sound discretion of the court. Postal Telegraph Co. v. Northern Pac. Ry. Co. (C. C. A.) 211 F. 824. There is no abuse of that discretion, for the witness from whom this information was sought had been in court during the progress of the trial.

There is no conflict in the evidence and the court was justified in directing a verdict for appellee upon the case as made by appellants.

Judgment affirmed.